## In Re Anonymous No. 41 D. B. 79

Disciplinary Board Docket No. 41 D.B. 79.

KECK, *Member*, November 6, 1984—Pursuant to the provisions of Pennsylvania Rules of Disciplinary Enforcement 218(c)(5) your Disciplinary Board submits this report and recommendation in the above-captioned matter.

## HISTORY OF PROCEEDINGS

Petitioner is 42 years old, he was admitted to the practice of law in this Commonwealth in 1967 and

was suspended for a period of three years from May 30, 1981 by order of your honorable court dated December 23, 1981. He submitted his petition for reinstatement together with the reinstatement questionnaire April 19, 1984. A hearing was held July 12, 1984 before hearing committee [     ] composed of [     ]. The hearing committee filed its report recommending that the petition for reinstatement be granted. Disciplinary counsel did not file objections. The matter was adjudicated by this board October 24, 1984. This board accepts the report of the hearing committee and concurs in the recommendation that the petition for reinstatement be granted.

## DISCUSSION

Petitioner together with his sometime partner was suspended for violations of the Disciplinary Rules in connection with two matters.

I. Petitioner and his then partner engaged in a scheme whereby they accepted a large sum of money from petitioner's corporate client in the guise of legal fees; the money was not retained by them but was distributed as contributions to the dominant political party in [     ] County. In return petitioner's client expected to receive all necessary approvals to construct an industrial facility in the county.

II. Petitioner, on behalf of his then partner, transmitted to the local chairman of the dominant political party in [     ] County a sum of money. In consequence the mother of a client of petitioner's partner gained prompt admission to a publicly supported nursing home.

Petitioner promptly complied with the provisions of Pa. R.D.E. 217(a) and (b) respecting giving no-

tice of suspension to clients and to attorneys representing adverse parties impending litigation.

Since his suspension he has worked as truck driver, laborer, and manager for a trash removal company in which he is a principal partner. Also he has worked as a paralegal for a former law partner but has carefully avoided any identification as a lawyer or any activity that might be construed as practicing law.

He has taken eight Pennsylvania Bar Institute courses as provided in Disciplinary Board Rule 89.279. He has read the reported decisions of Commonwealth Court, Superior Court, and the Supreme Court of Pennsylvania.

At the reinstatement hearing six persons testified to petitioner's reputation for truthfulness, honesty and good moral character. Further 19 affidavits were presented similarly attesting to his reputation for truthfulness, honesty, and good moral character.

Petitioner recognizes that the actions that resulted in his suspension were wrong and he appears determined to place his duty to himself as a lawyer, his profession, and the courts above his representation of a client's interests if that becomes necessary.

## CONCLUSION AND RECOMMENDATION

This board concurs with hearing committee [ ] in concluding that petitioner has sustained the burden of demonstrating that he has the moral qualifications, competency and learning in the law required for admission to practice law in this Commonwealth and that his resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest, and, further, concurs with the hearing committee recom-

mending that petitioner be reinstated to the practice of law in this Commonwealth.

The board recommends further that petitioner be ordered to reimburse the board for expenses incurred in processing this petition for reinstatement.

Mr. Douglas did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this December 21, 1984, the recommendation of the Disciplinary Board dated November 6, 1984, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.